Walter Adrian McCULLOUGH,
Petitioner,

v.

STATE of Tennessee, Respondent.

Supreme Court of Tennessee.

March 19, 1979.

Charles E. Baucum, Asst. Public Defender, Memphis, for petitioner.

Robert A. Grunow, Asst. Atty. Gen., Nashville, for respondent; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

## OPINION AND ORDER

HARBISON, Justice.

This cause is before the Court on petition for writ of certiorari to the Court of Criminal Appeals, which affirmed petitioner's conviction of robbery.

The single assignment of error made in this Court is that the Court of Criminal Appeals erred in its interpretation of T.C.A. § 40–2446. The court held that after any witness in a criminal trial has been called for direct examination, not only must the direct examiner produce, upon request, copies of any statement of the witness which he possesses; but the court further held that the moving party, who proposes to cross-examine, must also produce any statements of the witness which that party possesses. The trial court had so construed the statute, and the Court of Criminal Appeals affirmed.

We are of the opinion that both courts below were in error in this interpretation of the statute. By its terms, the statute has application only to statements of witnesses called for direct examination, whether called by the State or by the defendant. It states that after any witness has testified on direct examination, upon request of the opposite party, the party who called the witness shall produce any state-

ment of the witness in his possession relating to the subject matter of his testimony.[1]

The statute has nothing to do with statements in the possession of the moving party who proposes to cross-examine the witness, and both courts below erred in so holding. At the trial of the case, after a State's witness was called for direct examination, counsel for the defendant, petitioner here, requested to see any statements of the witness in the possession of the District Attorney. At this time, upon motion of the District Attorney, defense counsel was also required, over his objection, to produce copies of a statement which defense counsel had taken from the witness.

■ While the foregoing trial procedure was erroneous, we do not find that it was prejudicial or that it affected the results of the trial. The witness who gave the statement was fully cross-examined about it by defense counsel. The State made no use of it on redirect examination. Later, the investigator who took it for the defense was examined in detail about it. Defendant received full benefit of any impeachment value it had and was not prejudiced by being required to furnish a copy to the District Attorney. We reiterate, however, that it was error for the trial court to order such production of the statement as a condition to the right of counsel to cross-examine the witness.

The petition for certiorari is denied at the cost of petitioner, this Court concurring in the result reached by the Court of Criminal Appeals.

HENRY, C. J., and COOPER, FONES and BROCK, JJ., concur.

1. Upon request, before the witness testifies upon direct examination, the trial judge is required to inspect any such statement in camera to determine whether it contains information relating to the subject matter of the proposed testimony, and to excise any irrelevant portion.